IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIVONTE HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 CV 935 |
| v. | ) | |
| | ) | Hon. Jeffrey I. Cummings |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Divonte Hall ("plaintiff") brings this case pursuant to 28 U.S.C. §1983 against three Chicago police officers, (the "defendant officers"), and the City of Chicago, (the "City") (collectively, with the defendant officers, "defendants"), alleging that he was subject to false arrest, unlawful pretrial detention, and malicious prosecution in violation of federal and state laws. Plaintiff also brings a claim against the City for indemnification. Before the Court is defendants' fully briefed motion to dismiss. (Dckt. #16). For the reasons that follow, the Court grants in part and denies in part defendants' motion to dismiss.

### I.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and the complaint must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009). When considering a motion to dismiss under Rule 12(b)(6), the Court construes "the complaint in the light most favorable to the [non-moving party] accepting as true all well-pleaded facts and drawing reasonable inferences in [the non-moving party's] favor." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

### II.   FACTS

Plaintiff alleges that the defendant officers arrested him for possession of a firearm on or about October 28, 2022 near 1500 S. Springfield Ave. in Chicago, Illinois. (Dckt. #3-1 at 2, ¶8). At no time did the defendant officers: (1) see plaintiff with a firearm; (2) see plaintiff commit a crime; or (3) receive any call or dispatch notification that criminal activity was occurring at 1500 S. Springfield Ave. (*Id.* ¶¶9–12). "Despite the absence of probable cause or reason to believe [that] Plaintiff possessed a firearm, the Defendants made the joint decision to charge" him, "generated false and incomplete official reports, and gave false and incomplete official statements that directly and proximately led to the Plaintiff being incarcerated in the Cook

1

County Jail and the Illinois Department of Corrections for greater than fourteen (14) months." (*Id.* ¶¶13–14). Finally, on December 14, 2023, plaintiff was found not guilty of all counts and judgment was entered in a manner indicative of his innocence. (*Id.* ¶16).

### III.  ANALYSIS

To begin, plaintiff's false arrest claim is dismissed with prejudice by agreement of the parties. (Dckt. #17 at 1). Defendants argue that the remaining substantive claims—unlawful pretrial detention (brought against the defendant officers) and malicious prosecution (brought against all defendants)—must be dismissed because the defendant officers had probable cause to arrest and detain plaintiff, evidenced by a grand jury returning a bill of indictment against plaintiff.[1]  (Dckt. #9 at 5–8).

A claim for unlawful detention requires the plaintiff to show that he was seized pursuant to legal process, criminal charges were initiated without probable cause, and those criminal charges were terminated without conviction. *See Thompson v. Clark*, 596 U.S. 36, 42–43, 49 & n.2 (2022). As the Supreme Court has explained, pretrial detention can violate the Fourth Amendment "not only when it precedes, but also when it follows, the start of legal process in a criminal case." *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 366 (2017).

A claim for malicious prosecution requires: "(1) commencement or continuation of an original proceeding; (2) termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause; (4) malice; and (5) damages." *Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016) (citing *Sang Ken Kim v. City of Chicago*, 858 N.E.2d 569, 574 (Ill.App.Ct. 2006)).

Both claims are necessarily intertwined with defendants' ability to establish probable cause. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (probable cause is an "absolute defense" to false imprisonment claim); *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 926 (7th Cir. 2001) (same regarding malicious prosecution). Probable cause exists to arrest a suspect "if at the time of arrest the facts and circumstances within the arresting officer[s'] knowledge and of which [they have] reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Gower v. Vercler*, 377 F.3d 661, 668 (7th Cir. 2004) (cleaned up).

Where a court has already determined that probable cause exists (i.e., via a grand jury indictment), such finding is "ordinarily entitled to a presumption of validity." *Washington v. City of Chicago*, 98 F.4th 860, 869 (7th Cir. 2024). But "this presumption is premised on an 'assumption . . . that there will be a *truthful* showing of probable cause.'" *Whitlock v. Brown*, 596 F.3d 406, 410 (7th Cir. 2010) (emphasis in original), *quoting Franks v. Delaware*, 438 U.S. 154, 164–65 (1978); *see also Economan v. Luttrull*, Nos. 24-3165, 24-32246 & 25-1020, 2026

---

[1]  Defendants attach the grand jury indictment to their motion to dismiss. (Dckt. #9-1). The Seventh Circuit has made clear that district courts can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *Gen. Elec. Capital Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records," *id.* at 1081 (cleaned up), and accordingly, the Court will take judicial notice of the grand jury indictment.

WL 82958, at *6 (7th Cir. Jan. 12, 2026) ("An officer violates the Fourth Amendment by intentionally or recklessly submitting a probable cause affidavit that includes false statements or omissions material to a probable cause determination.") (citing *Franks*). In other words, the presumption of probable cause shown by a grand jury indictment may be rebutted with allegations that the indictment was obtained via fraudulent means, which is exactly what plaintiff is alleging.

According to the complaint, defendants "generated false and incomplete official reports, and gave false and incomplete official statements that directly and proximately led to the Plaintiff being incarcerated in the Cook County Jail and the Illinois Department of Corrections for greater than fourteen (14) months." (Dckt. #3-1 at 2, ¶14). By so alleging, plaintiff is challenging the validity of how the indictment was obtained. Furthermore, the grand jury indictment "does not bear on whether Plaintiff's detention during the preceding [time] was supported by probable cause." *Whirl v. City of Harvey*, No. 25cv307, 2025 WL 1826384, at *3 (N.D.Ill. July 2, 2025). According to the complaint, plaintiff was arrested on October 28, 2022 (Dckt. #3-1 at 2, ¶8), yet the indictment did not issue until December 2, 2022 (Dckt. #9-1 at 2). Defendants say nothing about the thirty-five days that plaintiff was detained *prior* to the grand jury indictment.

Plaintiff has plausibly alleged that defendants generated "false and incomplete official reports" and gave "false and incomplete official statements" that caused his arrest and pretrial detention. (Dckt. #3-1 at 2, ¶14). Defendants argue that plaintiff's allegations are conclusory, but the Court disagrees.[2] At the pleading stage, the Court will not make a finding about the existence of probable cause, and "contrary to what [defendants] claim[], [plaintiff] has no obligation at this stage of the litigation to put forth *evidence* rather than adequate allegations on that issue." *Engel v. Buchan*, 791 F.Supp.2d 604, 611 (N.D.Ill. 2011) (emphasis in original). Defendants also argue that "a plaintiff may not maintain an Illinois malicious prosecution claim against an arresting officer without first showing 'some post-arrest action which influenced the prosecutor's decision to indict.'" (Dckt. #9 at 7, *quoting Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 902 (7th Cir. 2001)). Here, plaintiff has plausibly alleged such post-arrest action by alleging that the defendant officers falsified official reports and gave false statements and the Court can make a reasonable inference that such information was used in his prosecution. "Put simply, whether the defendant officers had probable cause is something that will be proved or disproved based on the record to be developed in this case." *Engel*, 791 F.Supp.2d at 611.

In sum: the Court rejects defendants' assertion that an indictment establishes probable cause as a matter of law where—as here—a plaintiff has plausibly alleged that his arrest and legal proceedings were based on false information. Accordingly, the Court denies defendants'

---

[2] Defendants also argue that "[t]he pleadings make no allegations that Defendants provided false or fraudulent testimony or that they made false statements to the prosecutors involved in those proceedings." (Dckt. #9 at 7). In the preceding paragraph, however, defendants quote plaintiff's allegation that the defendant officers gave "false and incomplete official reports" and gave "false and incomplete [official] statements that directly and proximately led to the Plaintiff being incarcerated." (*Id.*, *quoting* Dckt. #3-1 at 2, ¶14). Plaintiff need not allege that the officers made false statements directly to prosecutors to survive the motion to dismiss.

motion to dismiss plaintiff's unlawful detention and malicious prosecution claims. Because the Court declines to dismiss plaintiff's unlawful detention and malicious prosecution claims, it would likewise be improper to dismiss plaintiff's indemnification claim against the City.

## **CONCLUSION**

For the reasons stated above, the Court grants defendants' motion to dismiss (Dckt. #9) only with respect to plaintiff's false arrest claim, which is dismissed with prejudice by agreement of the parties. The motion to dismiss is otherwise denied and plaintiff's remaining claims (unlawful pretrial detention, malicious prosecution, and indemnification) may proceed. Defendants shall answer or otherwise plead to plaintiff's complaint on or before February 3, 2026. The stay on discovery is lifted. On or before February 13, 2026, the parties shall file an amended joint initial status report in accordance with the template available on the Court's website under the case management procedure titled "Initial Status Report for Newly Filed Cases." The previously set December 19, 2025 tracking status hearing is stricken and reset to March 2, 2026 at 9:00 a.m. (to track the case only, no appearance is required).

**DATE: January 13, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**

4